MITCHELL and Others *v.* THE STATE, on the Relation of the
Board of Trustees of the *Union* County Seminary.

A suit for the benefit of the board of trustees of a county seminary will not lie
against their predecessor in office, for the money in his hands collected in the
county of persons conscientiously scrupulous of bearing arms, as an equivalent
for militia duty—the seminary not being entitled to the money.

ERROR to the *Union* Circuit Court.

BLACKFORD, J.—This was an action of debt brought by the
state, on the relation of the board of trustees of the *Union* county
seminary, against *Mitchell* and his sureties, on a penal bond, con-
ditioned for *Mitchell's* faithful discharge of the duties of his office
as trustee of the seminary fund of *Union* county, and for the
payment of all moneys, and the delivery of all books, which he
might have in his hands as trustee, to his successors in office,
when his term should expire.   The declaration states that
large sums of money belonging to the county seminary, came
into *Mitchell's* possession as seminary trustee, which he refuses
to pay over to the relators, who are his successors in office.
Whereby an action has accrued, &c.   The defendants pleaded
five pleas in bar of the action.   To the first plea, there was a
replication and issue.   The second was demurred to, and the
demurrer sustained.   On the others, issues were joined.   A
jury was dispensed with, and the cause submitted to the Court.
The Court, after hearing the evidence, rendered a judgment in
favour of the plaintiff for 355 dollars and 17 cents, together
with costs.

By a bill of exceptions taken by the defendants below, it
appears, "that the only money or funds that were in the hands
of the defendant, (*Mitchell*,) at the time the suit was brought,
were 357 dollars, to which the relators had any colour of claim,
which money was assessed and collected of persons conscien-
tiously scrupulous of bearing arms in the county of *Union*, as
an equivalent for military services."

The only question presented by this case, which it is neces-
sary to notice, is, whether the relators were legally entitled to
the money mentioned in the bill of exceptions?

This is a question very easily decided.   The constitution of

May Term, 1834.

the state says, that "the money which shall be paid as an equivalent, by persons exempt from militia duty, except in times of war, shall be exclusively, and in equal proportion, applied to the support of county seminaries; also, all fines assessed for any breach of the penal laws, shall be applied to said seminaries, in the counties wherein they shall be assessed:" Const. Art. 9, sec. 3. It is evident, from this language of the constitution, that the money mentioned in the bill of exceptions, as in the hands of the defendant *Mitchell*, does not belong to the *Union county seminary.* It is money which was paid as an equivalent for militia duty, and should have been paid by the collector into the state treasury, to be afterwards apportioned with other similar funds among the county seminaries of the state.

It would be useless to inquire, on the present occasion, to whom *Mitchell* is accountable at law for the money in question, provided no right can be set up to it by the relators. No action can be supported for the recovery of money, unless the plaintiff can show himself legally entitled to it. There could be no breach of duty in *Mitchell*, for refusing to pay over to his successors in office, any money in his possession which does not belong to the seminary. His bond, upon which the action is founded, does not require it.

The judgment of the Circuit Court, upon the evidence before it, should have been in favour of the defendants in that Court.

*Per Curiam.*—The judgment is reversed at the costs of the relators. Cause remanded, &c.

O. H. *Smith*, for the plaintiffs.

J. *Perry*, for the state.