## JACOBS *v.* MOFFATT.

The parties to a reference agreed on the day for the meeting of the arbitrators, and met with the arbitrators on that day, when the examination was commenced and adjourned until the next day, when the award was made. *Held,* that the party dissatisfied with the award, could not object to it on account of his not having had a written notice of the time of the meeting of the arbitrators. *Held,* also, that such party having, by an endorsement on the arbitration-bond, agreed that a change should be made as to one of the arbitrators, could not afterwards object to the award in consequence of its being made in conformity with that agreement.

May Term,
1834.

JACOBS
v.
MOFFATT.

An award cannot be objected to, because the submission and award were not recorded, before the granting of the rule to show cause why the award should not be made the judgment of the Court, nor because ten days' notice of the rule had not been given,—if the rule was entered by *the consent of the parties*.

The record of the judgment on an award, need not show that the arbitrators were sworn, nor that the arbitration-bond was proved, nor that the witnesses were sworn, nor that the award was proved: an appellate Court will presume, the record not showing the contrary, that the law as to these matters was complied with.

*Quære,* whether the arbitrators, appointed under the act for the regulation of arbitrations in the Circuit Court, should be sworn?

If the objection to an award, on account of its not having been made or returned in due time, be not made in the Court below,—it cannot be noticed by an appellate Court.

The arbitrators should state in their award, the costs of the witnesses examined before them, and the amount due for their own services.

An award as to the costs should distinctly show whether or not it applies to the costs in the Circuit Court.

*Saturday,*
*June 7.*

ERROR to the *Posey* Circuit Court.

BLACKFORD, J.—*Adam Moffatt* and *Daniel R. Jacobs,* by a writing obligatory, dated the 15*th of May,* 1832, agreed to submit certain matters in difference between them to arbitration. The arbitrators named in the agreement were *Daniel Astor* and *James E. Rogers.* The award was to be made a rule of the *Posey* Circuit Court, at the *August* term, 1832. On this writing obligatory, there was endorsed an agreement, under the hands and seals of the parties, that the arbitrators should meet on the 28th of *May,* 1832. There was also another agreement, under the hands and seals of the parties, endorsed on the writing obligatory, by which it was agreed that *Asa Bacon* should be one of the arbitrators, instead of *Daniel Astor.* On the seventh day of the *August* term, 1832, of the *Posey* Circuit Court, the following award was filed in the clerk's office:—

"Know all men that *J. E. Rogers* and *Asa Bacon,* having been chosen by and with consent of *Adam Moffatt* and *Daniel R. Jacobs,* the contending parties, as arbitrators to settle matters and controversies between them, as expressed in a bond now in our possession,—having fully investigated all and singular their accounts, papers, and books,—and having examined and heard all the evidence on both sides,—do finally award and consider, that *Daniel R. Jacobs* pay to *Adam Moffatt* the sum of 231 dollars, and each party to pay half the costs. And this is our final

award and decision.. Signed, sealed, and to be delivered. *Mount Vernon*, 29th *May*, 1832.—*J. E. Rogers*, [L. S.] *Asa Bacon*, [L. S.]"

On the same day on which the award was filed, the Court ordered, on motion of the plaintiff below and *by consent of the parties*, that the defendant should show cause at the next term, why the award should not be made a rule of Court. At the next term, which was in *February*, 1833, the parties appeared. The defendant below objected to the award on two grounds. First, because no written notice of the meeting of the arbitrators was proved to have been given, except that endorsed on the arbitration-bond by the parties. · But it was proved that by agreement and previous arrangement between the parties, the arbitrators and parties met on the 28th of *May*, 1832, and proceeded to examine the evidence on both sides relative to the matters submitted, and that they continued the investigation until the next day; on which day the award was made, and copies thereof were immediately delivered to each of the parties. The second objection was, because it did not appear on the face of the papers, that the award of *Asa Bacon* should be made a rule of Court. These objections were both overruled, and judgment was rendered that the award should be made a rule of Court, and that *Moffatt* should recover against *Jacobs* the sum of 231 dollars, the amount awarded, with interest till paid; and it was ordered, that each party should pay one-half the costs.

The first objection, made in the Circuit Court to the award, is without foundation. The parties agreed in writing, that the arbitrators should meet on the 28th of *May*, 1832. The record shows that, on that day, the arbitrators and parties all met, commenced the examination of the cause, and continued the examination until the next day, when the award was made. It could not, under these circumstances, be objected to the award, that the defendant received no written notice of the meeting of the arbitrators. The second objection is equally untenable. The parties endorsed, on their arbitration-bond, their agreement that *Bacon* should be one of the arbitrators instead of *Astor*; and that the original covenants and agreements should remain the same. This agreement puts an end to the second objection. These two objections were the only ones made, in the Circuit Court, to the award. They were correctly overruled.

JACOBS
v.
MOFFATT.

The assignment of errors contains several other objections to the proceedings.

It is objected, that it does not appear that the submission was entered of record, before the rule to show cause was granted. The statute requires the submission *or* award to be recorded. It may be observed, in passing, that the words "submission *or* award" must be intended to mean, submission *and* award. The latter are the words of the original act. R. C. 1807, p. 177. The sentence, without this correction, is unintelligible. It is true, that the submission and award should be recorded before the rule to show cause is granted; and if they be not, the omission would be a good objection to the granting of the rule. In the present case, however, the record shows that the rule was entered *by the consent of parties*. This consent excludes any objection which might, otherwise, have been made to granting the rule.

It is further objected, that ten days' notice of the rule was not given to the defendant. The rule entered was, that the defendant should show cause, at the next term, why the award should not be made a *rule* of Court. The word *rule* last used, is evidently intended for the word *judgment*, and must be so understood. We have already observed, that this rule to show cause was entered *by the consent of the defendant*. No purpose, therefore, could have been answered by giving him a formal notice of it. His right to the notice was waived by his consent to the rule.

It is further objected, that the record does not show that the arbitrators were sworn; nor that the arbitration-bond was proved; nor that the witnesses were sworn; nor that the award was proved. The record does not, indeed, say any thing as to these facts. It is not necessary that it should. The Circuit Court has rendered a judgment on the award; and we must presume, until the contrary is shown, that, as to these grounds of objection, the law was complied with. Whether the arbitrators in this case should have been sworn, we give no opinion. The act respecting justices of the peace requires, in cases before them, that the arbitrators should be sworn. Rev. Code, 1831, pp. 303, 304. But the act for the regulation of arbitrations in the Circuit Court, like the *English* act of 9 and 10 *Will.* 3. contains no such provision. R. C. 1831, p. 72 (1). Assuming, for argument's sake, that the oath was necessary,

the objection that it was not taken should have been made in the Court below. There was no other way to get the objection on the record; for however necessary the oath may be, the award need not show it to have been taken. In *Kentucky*, the oath is required by statute; and it has been there decided, that the award must show on its face that the arbitrators were sworn. The Courts of that state have, however, frequently regretted the decision, and intimated that, were the question a new one, their decision would be otherwise. *Lile* v. *Barnett*, 2 Bibb, 166.—*French* v. *Moseley*, 1 Littell, 247. The question is a new one here, and we have no hesitation in deciding that, admitting the necessity of the oath, it is not necessary that the award should state that it had been administered.

It is further objected, that there is no time specified in the agreement, within which the award was to be made. The agreement states that the *award* should be made a rule of the *Posey* Circuit Court, at the then next *August* term. By this was probably meant, that the *submission* should, at that term, be made a rule of the Court. If so, the agreement does not state when the award should be made. The only effect of this omission in the agreement was, that if the arbitrators did not proceed to act within a reasonable time on the request of either of the parties, the party making the request could revoke the submission. *Curtis* v. *Potts*, 3 Maule & Selw. 145. In this case, the award was made within a reasonable time. The agreement to submit was executed on the 15th of *May*, 1832; and it was a part of the agreement, that the arbitrators should meet on the 28th of the same month. The bill of exceptions, taken by the defendant below, shows, that the arbitrators did meet on the day thus appointed; and that, on the next day, they made their award, and delivered copies to the parties. There was no neglect, therefore, on the part of the arbitrators; and it cannot be said that the award was not made within the proper time. But even supposing the award not to have been made at a proper time, the objection to it on that ground should have been made in the Circuit Court. It is too late to make it here for the first time.

It is also objected, that the award was not returned in due time. It was filed, in the clerk's office, on the seventh day of the *August* term, 1832, which was the first term after the agreement to submit was made. The defendant appeared to the

May Term,
1834.

JACOBS
v.
MOFFATT.

rule to show cause why the award should not be made the judgment of the Court. He showed cause by making two objections to the proceedings, which were both correctly overruled. But he made no objection then, that the award had not been returned in time; and it is too late, therefore, to make it now. It is not necessary, under these circumstances, to examine the merits of the objection.

The last objection made is, that the costs were not taxed by the arbitrators. The judgment of the Circuit Court is, that the plaintiff recover of the defendant, the sum of 231 dollars, the amount awarded to the plaintiff, with interest till paid. There is also an order of the Court, that the parties each pay one-half of the costs. It was the duty of the arbitrators to state, in their award, the costs of the witnesses examined before them, and the amount due for their own services. That these expenses should be stated in the award, to enable the Court to make an order respecting them, is expressly required by the act of 1807, and is in accordance with the spirit of the act of 1831. The award before us does not show the amount of these costs, and the order respecting them cannot be supported. The order, so far as it may be supposed to extend to the costs in the Circuit Court, is also erroneous. The award does not show, whether the arbitrators intended that their award should extend to the costs in the Circuit Court, or should be confined to the costs which had accrued before themselves. In consequence of this uncertainty in the award as to the costs in the Circuit Court, no order founded on the award could be made respecting them.

All the errors assigned in this cause have now been noticed. There is no error in the judgment of the Circuit Court against the plaintiff in error, for the amount found by the arbitrators to be due from him to the defendant in error. But the order for costs is erroneous, and must be reversed.

*Per Curiam.*—The judgment as to the debt, &c. is affirmed, and as to the costs, &c. reversed.

C. *Fletcher*, for the plaintiff.

E. *Embree* and W. *Quarles*, for the defendant.

(1) Vide *Dickerson* v. *Hays*, *May* term, 1835, post.