JESSE ROBINSON, PLAINTIFF IN ERROR, vs. WILLIAM ROB-
ERTS, DEFENDANT IN ERROR.

The Supreme Court has authority to prescribe a rule requiring appellant
to give a bond or make a deposit for costs with the Clerk.

The plaintiff in error moved for a rule against the Clerk .
of the Supreme Court to compel him to docket the case.  A
rule for the Clerk to show cause was granted, and he an-
swered the same, setting up the 21st Rule of Practice in
the Supreme Court, and that the plaintiff in error had not
complied with the requirements of the same, either by giv-
ing bond or recognizance, or making the deposit, which the
Clerk is thereby authorized to exact before docketing a case.

*D. L. McKinnon* for the motion.

*F. T. Myers contra.*

MR. JUSTICE WESTCOTT delivered the opinion of the court.

Rule 21 of the Rules of Practice of this court provides
"that the Clerk may exact security in advance for the pay-
ment of his fees, which security may be by a bond or recog-
nizance, (to be approved by him or by a Circuit Judge or a

Justice of this court,) or a deposit of fifteen dollars before docketing a cause."

The question in this case is, has this court, under the statute of this State, or by virtue of any other authority, the power to make this rule? The rule requires of an appellant security for costs in the shape of a bond or deposit.

While the power of the English courts over this subject was derived principally from statute, under the liberal construction given to the Statute of Gloucester, (6 Ed. I, Ch. 1, § 2,) still, as Blackstone remarks, it was a maxim of the English as well as of the civil law that *victus victori in expensis condemnandus est*, although the common law did not professedly allow any. 3 Black., 399. At common law there was no judgment for costs; each party paid his own costs as they accrued. While this is true, still the courts in England, acting either upon the implied powers resulting from the various acts of Parliament or upon inherent authority to secure its officers in the payment of statutory costs, or to protect the parties in the expenditure of costs, have, independent of any direct and express statutory authority, required security for costs in various cases. In ejectment or actions *qui tam*, where the lessor of the plaintiff, or the plaintiff himself, was unknown to the defendant, the court, upon certain representations, would stay the proceedings until security was given for the payment of costs; and there were many other cases in which such security was required. 1 Tidd. Prac., 476; 1 Str., 694; 2 ib., 932–1206; 1 Wil., 130–266; Cowp., 24; Bul. Ni. Pri., 112; 2 Bur., 1177; 1 H. Black., 106; 1 T. R., 362; 6 T. R., 496. This requirement was made without any express statutory authority so do to.

The like power is exercised in this country by the Supreme Court of the United States. Under Rule 10 of the Rules of Practice of the Supreme Court of the United States, the Clerk is required in all cases to take of the party a bond,

with competent security, to secure his fees, in the penalty of $200, or a deposit of that amount to be placed in bank subject to his draft; and such is and has been the practice of that court for years. We are aware of no statute granting in express terms this authority to the Supreme Court of the United States.

Under the statute of this State, "full power is conferred on this court to make any and all rules of practice, pleadings and proceedings" to carry out the provisions of the general practice act, approved February 24, 1873, as well as "to prescribe, regulate and control the practice, pleadings and proceedings in the several courts of this State." Chap. 1,938, Laws of Florida.

This legislation gives this court the fullest power that can be granted in general terms over the subject of prescribing rules for the regulation of its own practice, and there is no other statute which limits our power in the matter. Looking, therefore, to precedent and authority in the highest courts in England, and to the practice in the highest court in this country, there can be no question that this court has the power to prescribe this rule.

The rule is discharged.