People of the State of New York ex rel. The New York Central Railroad Company, Relator, *v.* John P. Leo, John J. Beatty, Alfred J. Boulton, William Crawford, John De Hart, James Kearney and John Kenlon, Comprising the Board of Appeals Created by Chapter 503 of the Laws of 1916, Respondents.

(Supreme Court, Bronx Special Term for Trials, December, 1918.)

Statutes — construction of — provisions of § 718-d, chapter 503, Laws of 1916, amending Greater New York Charter creating a board of appeals — right to appeal — certiorari — Greater New York Charter, § 719, subds. 1, 2, 5.

The provision of section 718-d of chapter 503 of the Laws of 1916, amending the Greater New York Charter and creating a board of appeals consisting of seven members, that " hearings

on appeals shall be before at least five members of the board of appeals, and the concurring vote of five members of the board of appeals shall be necessary to a decision," does not mean that a decision of the board either for or against the appellant is to be made by a mere majority vote in the ordinary way; such a meaning would give no effect whatever to the last clause of the sentence. By construing said section to mean that it was the legislative intent in case four of the members of the board should favor the appeal and three believe that the official making the decision appealed from was right, the decision should remain against the appellant and that he should succeed on the appeal only if he could secure five concurring votes in his favor, substantial meaning will be given to the latter part of the sentence of said section 718-d and a meaning which the legislature may reasonably have intended although it does not give to the word " decision " as broad a meaning as that word ordinarily and properly has.

Where an appeal is heard before only five or six members of the board of appeals and less than five concur upon the merits either for an affirmance or a reversal or a modification, the appeal should be again heard before a full board, if practicable, to the end that, with the increase in the number of members sitting and the new points of view that may be presented and the other advantages of a rehearing and reconsideration, there may be secured that concurrence of five members upon the merits, either for affirmance or reversal or modification, which concurrence it is plain the statute contemplates.

If after such rehearing five members of said board do not concur, the appeal perforce should be deemed to have been decided against the appellant and disposed of accordingly with the consequent right of certiorari to the appellant.

Though such construction of the statute is tantamount to adding words thereto, additions should be made so as to render reasonable and workable the statute which is unreasonable and to a large extent unworkable.

While section 719, subdivisions 1 and 2 of the statute, grants the right of appeal to any one aggrieved by the decision of the court below, and under section 719 (5) the board may reverse or affirm wholly or in part or may modify the order, requirement, decision or determination appealed from, and make such order, etc., as in its opinion ought to be made, the practice seems to be, not to take a vote of the members upon a proposi-

tion to affirm, reverse or modify, but upon the question of granting or dismissing the appeal, and though the defect may not be substantial, the better practice would be to follow the statute.

Writ of certiorari to review the final determination and decision of the respondents in the matter referred to in the opinion.

Alex S. Lyman (Frederick L. Wheeler, of counsel), for relator.

William P. Burr, corporation counsel (Joseph I. Berry and William T. Kennedy, of counsel), for respondents.

Giegerich, J. The relator brings this certiorari proceeding to review the action of the board of appeals in refusing to grant an appeal (to use the language employed in the brief of the relator's counsel) taken by the relator from a decision of the superintendent of buildings in the borough of The Bronx refusing to approve plans for the erection of coal pockets and an approach trestle thereto. The board of appeals consists of seven members. The action of the board took the form of a vote of those present on a motion to grant the appeal, two voting in the affirmative and four voting in the negative, and the resolution entered was " that the appeal be and it hereby is denied." A preliminary point is raised on behalf of the relator that the board of appeals failed to make a determination or decision because the resolution denying the appeal was adopted without the concurring vote of five members of the board of appeals. Section 718, subdivision d, of chapter 503 of the Laws of 1916 directs that: " Hearings on appeals shall be before at least five members of the board of appeals, and the concurring

People ex rel. N. Y. C. R. R. Co. *v.* Leo. **375**

Misc.] Supreme Court, December, 1918.

vote of five members of the board of appeals shall be necessary to a decision." On behalf of the respondents it is contended that this requirement means that a vote of five members shall be necessary to a decision in favor of the appellant and, if there are not five votes in his favor, then, as a matter of course, the decision shall be deemed to be made against him. On behalf of the relator, however, it seems to be argued that, whatever the form of the vote, either for an affirmance or for a reversal, the concurring vote of five members is necessary to a decision. In other words, that the word " decision " is to be taken in the ordinary sense of a decision either for or against the appellant, or, for that matter, it might also be added, either partly for the appellant and partly for the respondent, as in the case of a modification. In approaching the construction of the sentence in question, it must be admitted that it is badly worded, and I can discover no construction which can be placed upon it which does not do violence to the ordinary meaning of some part of the language employed. At the outset, I think it is to be taken for granted that this sentence does not mean that a decision of the board, either for or against the appellant, is to be made merely by a majority vote in the ordinary way. Such a meaning would give no effect whatever to the last clause of the sentence. Of course, it would be possible to hold that if three of the five members constituting the board at the hearing of the appeal should agree upon some disposition of the appeal, either affirmance or reversal or modification, then it would be the duty of the two minority members, notwithstanding their conviction upon the merits of the question presented, to vote with the other three as a matter of form in order to obtain the required concurring vote of five. This, however, would be the most idle

kind of a formality and wholly devoid of any meaning, so far as I can perceive. The counsel for the relator cites *State ex rel. Hampton* v. *McClung,* 47 Fla. 224. In that case the court had to determine what the Constitution of 1885 meant by the provision that: " The concurrence of a majority of the members of the court, sitting in any cause wherein the court shall sit as one body, shall be necessary to a decision." The court held that this provision required a majority to concur in order to decide a cause, either for affirmance or reversal, referring in its opinion to a California case construing a similar provision, in which it was held that where the members of the court after repeated consultations were equally divided in their opinion as to whether or not the case should be reversed and there was no probability of an immediate change in the personnel of the court, then that those in favor of a reversal should vote with those in favor of an affirmance and thereby affirm the judgment of the lower court. The Florida court, after citing *Fraser* v. *Willey,* 2 Fla. 116, to the effect that where the members of the court are equally divided in opinion, judgment must be rendered affirming the judgment of the court below, and that such was the rule of the common law, at page 226, said: " Under our constitutional provision an equal division of opinion cannot have the effect *ipso facto* of an affirmance, for the constitution makes the concurrence of a majority necessary to a decision, but where the division is permanent and there is no probability of an immediate change in the personnel of the court it becomes the duty of those in favor of reversal to unite with their associates in affirming the judgment,' otherwise the case might be continued indefinitely, and the delay amount to a denial of justice." In construing the statutory provision in this case I am unwilling to follow the authority just above cited to the extent

of holding that if three of the five members constituting the board hearing the particular appeal vote in favor of the appellant upon the merits, then it either becomes the duty of the two dissenting members to concur *pro forma* merely for the sake of a barren compliance with the statute or that a decision in favor of the appellant in accordance with the views of the three members constituting the majority should be entered as a matter of course. If, consistent with reason, any substantial meaning can be given to the last clause of the sentence in question, such meaning should be given it. It is entirely reasonable that the legislature might have deemed it wise and in the public interest to require a concurring vote of five members in order to secure a reversal of the decision below. The board of appeals consists of seven members. If four of those members should favor the appeal and three believe that the official below, the superintendent of buildings in this case, was right, then on the whole the case would stand a tie of four to four. It may well be that the legislature intended that, in a case of such a kind, the decision should remain against the appellant and that he should succeed before such board only if he could secure five concurring votes in his favor. It is true this construction is not in accordance with the customary method of determining appeals in judicial proceedings, but I know of no reason why the legislature should necessarily follow such customary methods in the case of appeals of the kind provided for in the statute now under consideration. By the construction I have just indicated, substantial meaning will be given to the latter part of the sentence in question and a meaning which the legislature may reasonably have intended, although, of course, it does not give to the word " decision " as broad a meaning as that word ordinarily and properly has. As between the two

alternatives, however, one of giving to that word its customary meaning, with the consequent result of rendering wholly meaningless the entire clause in which the word stands, and the other alternative of limiting the meaning of that word so as to give some reasonable significance to the clause as a whole, I think the latter course should be followed.　It might be thought that the purpose of the Legislature was that the provision under consideration is to be taken literally and that, unless five members concur, either for a reversal or an affirmance or a modification, no decision whatever by the board is accomplished and the matter therefore stands without any decision of the board of appeals and with the decision of the official below left in full force and effect.　The objection to this view is, however, that the right of appeal by certiorari conferred by section 719a, subdivision 1, of the statute, is limited to decisions of the board of appeals and does not include decisions by the official below and, consequently, if it be deemed that a failure of five members of that board to concur leaves the matter without any decision by the board of appeals, then the right of review by certiorari would be lost to the unsuccessful and aggrieved appellant.　Under such a view of the meaning of the statute, an unsuccessful appellant, though he might have four members of the board of appeals voting in his favor, would lose not only his appeal but also his right to a review by certiorari of the decision appealed from.　It would be only when an appellant had five votes against him that he would have the right to a review.　In other words, it would be only when he had the weakest case, tested by the vote of the board, that he would have a right to a review.　Such an unreasonable intention cannot be ascribed to the legislature if there is any escape from such a construction.　Following the reasoning implied in the Florida

case above cited, I am further of the opinion that it should be held that where an appeal is heard before only five or six members of the board of appeals and less than five of those members concur upon the merits either for an affirmance or a reversal or a modification, in such a case the appeal should be heard again before a full board, if practicable, to the end that, with the increase in the number of members sitting and the new points of view that may be presented and the other advantages of a rehearing and reconsideration, there may be secured that concurrence of five members upon the merits, either for affirmance or reversal or modification, which concurrence it is plain the statute desires and contemplates, whatever doubts may be presented as to its meaning otherwise. If after such rehearing there is still a failure of at least five members to concur, then the appeal should perforce be deemed to have been decided against the appellant and disposed of accordingly with the consequent right of certiorari to the appellant. I am aware that the construction I am giving to the statute is tantamount to adding words to it, but, without some addition, the statute is unreasonable and to a large extent unworkable, and since additions have to be made they should be made so as to render the statute reasonable and workable. There is another point to which I think I ought to call attention, although no mention is made of it in the briefs. The statute provides (§ 719, subd. 5) that " the board of appeals may reverse or affirm, wholly or partly, or may modify the order, requirement, decision or determination appealed from and shall make such order, requirement, decision or determination as in its opinion ought to be made in the premises." For some reason that is not disclosed, the practice seems to be not to take a vote of the members upon a proposition to affirm or to reverse or to modify,

Supreme Court, December, 1918. [Vol. 105.

but upon the question of granting or dismissing the appeal. The statute grants to any person aggrieved with the decision below the right to appeal (§ 719, subds. 1, 2), and the board of appeals has no power to grant or deny the appeal, but only to reverse or affirm or modify the determination below. The defect I am now pointing out in the procedure followed by the board of appeals may not be substantial; but inasmuch as the occasion is presented, I think the court may well point out this defect and indicate the better practice to be followed. I am of the opinion, therefore, that this proceeding should be remanded to the board of appeals for its further action in conformity with the views above expressed.

Ordered accordingly.