474 So.2d 302 (1985)
Fenton C. EWING, Catalina Ewing and El Centro, Inc., a Florida Corporation, Appellants,
v.
Stanley P. KAPLAN, As Personal Representative of the Estate of Gerald D. Yanks, a/K/a Jerry Yanks, a-1 Management, Inc., a Florida Corporation D/B/a a-1 Bail Bonds, Gene R. Shryock, Florida Bail Bonds, Inc., a Florida Corporation and Indemnity Insurance Company of North America a New York Insurance Company Authorized to Do Business in the State of Florida, Appellees.
No. 84-2369.
District Court of Appeal of Florida, Third District.
July 16, 1985.
Rehearing Denied September 10, 1985.
*303 Gaston Snow & Ely Bartlett, Hall & Swann and Richard H.M. Swann and John J. Sullivan, Coral Gables, for appellants.
Horton, Perse & Ginsberg and Mallory Horton, Miami, for appellees.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
We agree with the conclusions below that the provision of section 903.14(3), Florida Statutes (1981)[1] that the bondsman's statement of any bond indemnification agreement "must" be filed in the trial court within thirty days after the execution of the bond is directory rather than mandatory; and, as a result, that the mere and admittedly non-prejudicial[2] fact  upon which the indemnitors solely rely  that the statement was not received or filed[3] until sixty-two days later did not operate to abrogate their obligation to the surety.
Applying the comprehensive analysis of the "mandatory-directory" issue contained in Allied Fidelity Insurance Co. v. State, 415 So.2d 109 (Fla. 3d DCA 1982) to the context and intent[4] of the statute now before us, we are left with no doubt that this *304 is a situation which this court described as follows:
... where no rights are at stake, Reid v. Southern Development Co., 52 Fla. 595, 42 So. 206 (1906), and only a non-essential mode of proceeding is prescribed, Fraser v. Willey, 2 Fla. 116 (1848), the word "shall" is said to be advisory or directory only.
415 So.2d at 111.[5] See 49 Fla.Jur.2d Statutes § 18 (1984). Even more precisely, the effect of the time limitation in subsection (3) is governed by the supreme court's statement in Schneider v. Gustafson Industries, Inc., 139 So.2d 423, 425 (Fla. 1962), that
... as a general rule statutes setting the time when a thing is to be done are regarded as merely directory, where no provision restraining the doing of it after that time is included and the act in question is not one upon which court jurisdiction depends.
See also Department of Business Regulations, Division of Pari-Mutual Wagering v. Hyman, 417 So.2d 671 (Fla. 1982) (violation of requirement that decision "shall" be rendered within 90 days results in reversal only if prejudice is shown). The application of this principle is emphasized by comparing subsection (3) with subsection (2) of the same statute which contains the specific statement that actions may be maintained "only on agreements set forth in the affidavit."[6] [e.s.] The absence of an equivalent explicitly stated consequence of an untimely filed statement is strong evidence that none was intended by the legislature. Myers v. Hawkins, 362 So.2d 926 (Fla. 1978); 49 Fla.Jur.2d Statutes § 133 (1984). Thus, in the Hyman case, the supreme court pointed out:
Although section 120.59(1) says that final orders shall be rendered within 90 days, it does not specify any sanction for violation of the time requirement. Other parts of chapter 120, however, do provide sanctions or other consequences where there is a failure by either an agency or an affected party to act within the prescribed time limits. See §§ 120.53(5)(b), 120.54(11)(b), 120.545(6) and (7), 120.58(3), 120.60(2), (3), and (4). If the legislature had intended that untimely orders rendered in proceedings in which the agency is the protagonist would always be unenforceable, we believe that it would have included the necessary language in section 120.59(1) to impose such sanction as it did in other parts of chapter 120.
417 So.2d at 673.
Finally, bearing in mind the policy against the forfeiture of contractual rights, Rivers v. Amara, 40 So.2d 364 (Fla. 1949), we are very loath, in the absence of a clear legislative command, to require the cancellation of an otherwise binding obligation because of a technical default which acknowledgedly did not affect the substantial rights of the parties.
Affirmed.
NOTES
[1] The entire statute is as follows:

903.14 Contracts to indemnify sureties. 
(1) A surety shall file with the bond an affidavit stating the amount and source of any security or consideration which he or anyone for his use has received or been promised for the bond.
(2) A surety may maintain an action against the indemnitor only on agreements set forth in the affidavit. In an action by the indemnitor to recover security or collateral, the surety shall have the right to retain only the security or collateral stated in the affidavit.
(3) A limited surety or licensed bondsman may file a statement in lieu of the affidavit required in subsection (1). Such statement must be filed within 30 days from the execution of the undertaking.
[2] The purpose of the statutory affidavit required by subsection (1) and the subsection (3) statement for which it may be substituted is to give the sheriff notice of the interest of the indemnitor so that the latter may be permitted to assert the surety's rights to recapture the defendant and prevent an estreature. United Bonding Insurance Co. v. Tuggle, 216 So.2d 80 (Fla. 2d DCA 1968). There is no claim here that the indemnitors made any attempt at all to assert such rights with the sheriff or that the thirty-two day delay in filing had an effect on the failure of the defendant, who is the son of the principal appellant, to appear, the consequent estreature, or any other aspect of their contractual undertaking with the bondsman and surety.
[3] Although the statement was apparently timely mailed, it is agreed this does not satisfy a requirement for timely filing. Bituminous Casualty Corp. v. Clements, 148 Fla. 175, 3 So.2d 865 (1941).
[4] See note 2, supra.
[5] For these purposes the words "shall" and "must" are interchangeable. Rich v. Ryals, 212 So.2d 641 (Fla. 1968); Simmons v. State, 160 Fla. 626, 36 So.2d 207 (1948).
[6] The agreement involved in this case was in fact listed on the subsection (3) statement.