BARFIELD, Judge.
In November, 1981, appellant Allied Fidelity Insurance Company acted as surety on a $125,000 appearance bond for Dana Green. The bond was entered in Virginia on behalf of Ms. Green who was being held on drug-related charges. Appellees Robert and Anita Green, Dana Green’s parents, executed a note and mortgage to appellant to serve as collateral for the bond. The note was in the amount of $125,000 and was payable upon demand in the event of forfeiture of the bail bond. Dana Green failed to make a 1981 court appearance in Virginia and the bond was forfeited. Appellant Allied Fidelity then filed the instant foreclosure action, to foreclose the mortgage on real property in Escambia County. Appellant also sought a separate judgment against Dana Green on the bond agreement.
The trial court dismissed the foreclosure count, finding appellant failed to include any pleading that an affidavit under section 903.14, Florida Statutes had been filed with the bond. That statute requires a surety to file with a bail bond an affidavit stating the amount and source of any security received or promised for the bond. The trial court found that the mortgage encumbered real property in Florida, had been executed in Florida and was therefore subject to the laws of Florida, including section 903.14.
Under section 903.14, Florida Statutes, where a contract is entered into to indemnify a bail bond surety, the “surety shall file *440 with the bond an affidavit stating the amount and source of any security or consideration which he or anyone for his use has received or been promised for the bond. ... A surety may maintain an action against the indemnitor only on agreements set forth in the affidavit_” This statutory provision is a procedural portion of Chapter 903, dealing with posting and forfeiture of bail bonds in Florida courts.[1] The filing of the affidavit appears to serve several purposes. First, it limits the types of security or consideration which a surety may seek to recover from an indemnitor in the event of forfeiture of the bond. It also forces the surety to insure that indemnification agreements are reduced to writing or are otherwise memorialized. This same purpose also protects the indemnitor from any liability beyond that contained in the agreements set out in the affidavit. Under subsections 903.26(4)(a) & (b), upon forfeiture of a bond, the bond and any affidavits are transmitted to the clerk of the circuit court in which the bond and affidavits are filed. If the affidavits describe real property in another county, the bond and affidavits are transferred to the clerk of the circuit court of that county and the bond and affidavits are recorded there. The bond and affidavits then act as a lien on the real property from the time of recording for up to two years or until there is a final determination of an action regarding the affidavits instituted within two years.
However, these protections were only intended to extend to bonds posted in Florida courts under Chapter 903, Florida Statutes. The filing provisions of section 903.14 are merely a procedural aspect attaching to indemnification agreements entered into to guarantee bail bonds for defendants in Florida courts. It does not appear the legislature intended that such affidavits be filed in foreign jurisdictions when one of the parties to the indemnity agreement, or the property given as security, was located in Florida. Thus, the affidavit requirements would not attach to the bond filed in Virginia, as Virginia apparently has no similar requirement. The purposes behind the affidavit are to limit the extent of the assets a surety may recover from the indem-nitor to those set out in the affidavit and to act as a lien upon forfeiture. A Virginia court would not likely send notice or copies of the affidavit to clerks of Florida courts when a bond is forfeited there. Thus, there would be no recording of the affidavit which effected a lien on the property.[2]
The trial court erred in dismissing the complaint because appellant had failed to comply with section 903.14. That section would not apply. Therefore, appellant should be allowed to proceed with this foreclosure action. The order appealed is REVERSED and the cause REMANDED for further proceedings.
SHIVERS and NIMMONS, JJ., concur.

. Section 903.14 has been construed to place an indemnitor on an equal footing with a surety as the indemnification agreement shifts to the in-demnitor the risk of loss in the event the bond is forfeited. In that situation, it is the indemnitor who becomes the true bondsman. Forcing the bondsman to reduce indemnity agreements to writing allows the indemnitor to protect the property put at risk through the indemnity agreement. United Bonding Insurance Co. v. Tuggle, 216 So.2d 80 (Fla. 2d DCA 1968). In Ewing v. Kaplan, 474 So.2d 302, 303 n. 2 (Fla. 3rd DCA 1985), review denied, 486 So.2d 595 (Fla.1986), the purpose of the affidavit was described as giving the sheriff notice of the indem-nitor’s interest so that the indemnitor could assert the surety’s right to recapture the defendant and prevent an estreature of the bond.

. In this case, the mortgage limits the amount of recovery the surety may obtain from the indem-nitors to the value of the mortgaged property. This has the same effect as the affidavit requirement by limiting the indemnitors’ liability to those agreements and amounts agreed to when the bond was given. The same result contemplated by the statute is obtained even though an affidavit was not filed.