569 So.2d 903 (1990)
James W. CARR, Appellant,
v.
Marian J. CARR, a/K/a Jeannie Carr, Appellee.
No. 88-2079.
District Court of Appeal of Florida, Fourth District.
November 14, 1990.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellant.
Frank B. Kessler, Lake Worth, for appellee.

ON MOTION FOR REHEARING
LETTS, Judge.
The motion for rehearing is granted. The opinion of April 25, 1990 is withdrawn and the following opinion is substituted.
This appeal emanates from a final judgment of dissolution in which the wife concedes that she received at least 84% of the marital assets as an equitable distribution. We reverse.
For better or for worse, for richer or for poorer, the Fourth District Court of Appeal has held on at least two occasions that: "[i]n this district ... asset distribution should be equal unless there is justification for a disparity of treatment." Bobb v. Bobb, 552 So.2d 334, 335 (Fla. 4th DCA 1989); Longo v. Longo, 533 So.2d 791, 793 (Fla. 4th DCA 1988). Frankly, this particular author questions whether, in so holding, we have correctly followed the teachings of Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), because what we have done here at the Fourth District, comes perilously close to an adoption of the community property concept.
However, this author's concern is not the point. This court sitting en banc in Longo held that the distribution should be equal unless justification for unequal treatment is shown, such as was enunciated in Lester v. Lester, 547 So.2d 1241 (Fla. 4th DCA 1989). Accordingly, we must follow the law of our own cases until we are overruled or until we recede from them. Trial judges in this district must do likewise.
In the case at bar, there does not appear to be justification for such a lopsided award, and the trial judge has not articulated any. Indeed, according to the husband's *904 calculations, the award to the wife is actually over 90% of the marital assets.
Accordingly, we must reverse the equitable distribution award. As to the award of alimony and attorney's fees, we do not agree with the husband's position. However, those matters are interrelated with the equitable distribution question. Upon remand, the trial court may also reconsider all issues.
REVERSED AND REMANDED.
HERSEY, C.J., concurs in result only.
GUNTHER, J., concurs.