POLEN, Judge.
Former husband appeals a final judgment of dissolution of marriage which set aside a antenuptial agreement, made an equitable distribution of the marital assets and awarded the wife permanent periodic alimony in this fourteen-year marriage. The former husband challenges the trial court’s holding that the antenuptial agreement was invalid, the determination of what constituted marital assets and the division of those assets. The former wife cross appeals the equitable distribution award.
Neither appellant nor appellee have demonstrated reversible error as to the issues raised. In that reasonable persons could disagree as to the propriety of the scheme of equitable distribution, Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), we find no error either in the determination of what constitutes marital assets, nor in the division of those assets. Further, our view of the record supports the determination that the trial court did not make an imper-missibly disparate division, in accord with our holdings in Bobb v. Bobb, 552 So.2d 334 (Fla. 4th DCA1989); Longo v. Longo, 533 So.2d 791 (Fla. 4th DCA1988); and Carr v. Carr, 569 So.2d 903 (Fla. 4th DCA1990).
The primary issue raised by appellant concerns the trial court’s finding that the parties’ 1977 antenuptial agreement was invalid. While it was undisputed that the former husband failed to make any financial disclosure to the wife prior to obtaining her signature in his lawyer’s office, appellant argues that the wife was not prejudiced because she had “approximate knowledge” of his finances. Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla.1962); Cladis v. Cladis, 512 So.2d 271 (Fla. 4th DCA1987). However, the trial court had a full opportunity to consider this argument and the testimony relating to it, and made a specific finding of fact rejecting appellant’s claim of “approximate knowledge.” The record supports the trial court’s determination that the antenuptial agreement was invalid. Such findings by the trier of fact will not be disturbed on appeal.
We affirm as to all issues raised by the appeal and cross appeal.
STONE, J., and ROSS, DALE, Associate Judge, concur.