W. SHARP, Judge.
Phanco appeals from the Unemployment Appeals Commission’s denial of unemployment compensation after her former employer, Resort Management Services, fired her. The hearing officer found that Phanco was terminated because she refused to change job assignments from sales contracts back to her original position as office assistant, created a scene with her supervisor, and complained to the comptroller/accounting office about her demotion. We reverse.
Denial of unemployment benefits is only appropriate if the former employee has been guilty of misconduct. “Misconduct” is defined by section 443.036(26), Florida Statutes (1993) as: •
‘Misconduct’ includes, but is not limited to the following, which shall not be construed in pari materia, with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a-degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer’s interests or of the employee’s duties and obligations to his employer.
Even though an employee’s actions may be sufficient to warrant termination, he or she may still be entitled to collect unemployment insurance benefits because the conduct is not sufficiently egregious to constitute “misconduct” required by section 443.036(26). Pallas v. Unemployment Appeals Commission, 578 So.2d 487 (Fla. 5th DCA 1991).
We do not think the testimony and evidence in this case supports the hearing examiner’s finding that Phanco refused to accept and work at her reassigned duties. To the contrary, thé evidence establishes she accepted the assigned position and had been working at it a number of days before she was terminated. Further, we do not think Phanco’s behavior upon first learning of her demotion was so improper or egregious as to constitute “misconduct” required by the statute. See Paul v. Unemployment Appeals Commission, 627 So.2d 545 (Fla. 2d DCA 1993); Pallas; General Asphalt Co., Inc. v. Harris, 563 So.2d 803 (Fla. 3d DCA 1990).
REVERSED.
COBB and THOMPSON, JJ., concur.