642 So.2d 122 (1994)
STATE of Florida, Appellant,
v.
Juan SANCHEZ, Appellee.
No. 94-231.
District Court of Appeal of Florida, Fifth District.
September 9, 1994.
*123 Robert A. Butterworth, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and S.C. Van Voorhees, Asst. Public Defender, Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from an order dismissing charges against appellee. The trial judge determined that the sexual battery statute applied against this appellee[1] was unconstitutional because the child with whom appellee had sexual intercourse consented to it. The order dismissing the information was entered after this court's decision in Jones v. State, 619 So.2d 418 (Fla. 5th DCA 1993), affirmed, 640 So.2d 1084 (Fla. 1994), and thus was error, and perhaps in defiance of a superior court ruling. After this court ruled in Jones this trial judge and all judges within this district must follow the ruling. Carr v. Carr, 569 So.2d 903 (Fla. 4th DCA 1990). Judges of other districts must also follow the ruling unless a contrary ruling has issued from their district court. Pardo v. State, 596 So.2d 665, 667 (Fla. 1992); Dean v. Dean, 607 So.2d 494, 499 n. 6 (Fla. 4th DCA 1992), rev. dismissed, 618 So.2d 208 (Fla. 1993). Because now the supreme court has affirmed the ruling of this court all courts must abide by the decision.
The order is quashed and this cause remanded for trial.
HARRIS, C.J., and THOMPSON, J., concur.
NOTES
[1] § 800.04(3), Fla. Stat. (1993):

A person who: ...
(3) Commits an act defined as sexual battery under s. 794.011(1)(h) upon any child under the age of 16 years.