711 So.2d 575 (1998)
David T. BERRY, Appellant,
v.
SCOTTY'S, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 97-00355.
District Court of Appeal of Florida, Second District.
January 9, 1998.
Enrique Escarraz, III, St. Petersburg, for Appellant.
William T. Moore, Unemployment Appeals Commission, Tallahassee, for Appellee Unemployment Appeals Commission.
PER CURIAM.
An appeals referee of the Unemployment Compensation Appeals Bureau determined that the employer, Scotty's Inc., failed to prove it discharged Mr. Berry for "misconduct connected with his work." § 443.101(1)(a), Fla. Stat. (1995). The Unemployment Appeals Commission (UAC) reversed that decision, and Mr. Berry appealed. Because the appeals referee's determination is supported by competent, substantial evidence, we reverse the UAC's order.
*576 Mr. Berry applied for unemployment benefits after Scotty's terminated his employment on May 24, 1996. The claims adjudicator determined that Mr. Berry was entitled to benefits and Scotty's appealed, contending that Mr. Berry had been discharged for "dishonesty."
At the hearing before the appeals referee, Scotty's had the burden to prove by a preponderance of the evidence that it had discharged Mr. Berry for misconduct connected with his work. See Doyle v. Florida Unemployment Appeals Comm'n, 635 So.2d 1028 (Fla. 2d DCA 1994). Scotty's evidence established that Mr. Berry began working at Scotty's as a sales associate in December 1992. While at work in September 1993, Mr. Berry suffered a broken foot when a 200-pound roll of wire fell off a stand and onto his foot. Because Mr. Berry is diabetic, his foot was slow in healing. His physician ordered certain work limitations that were progressively more restrictive. Scotty's tried to accommodate these restrictions by relieving Mr. Berry of some responsibilities, giving him different job duties, and providing him with a motorized cart. Nevertheless, there were times at work when, because of necessity, Mr. Berry had to violate his physician's restrictions. For example, sometimes Mr. Berry had to lift heavy objects or kneel when the other employees were too busy to assist him.
Scotty's representative testified that the company suspected Mr. Berry was working beyond his physical restrictions at another job. Scotty's hired a private investigator to follow Mr. Berry on May 9 and 10, 1996, which were Mr. Berry's authorized days off at Scotty's.[1] The investigator testified that Mr. Berry drove to Suncoast RV on the morning of May 9, and remained there until 5 p.m. During this time, he observed Mr. Berry roll under an RV while carrying some hand tools, and then come back up a few minutes later and walk away. Mr. Berry also rode his cart around the RV lot, sometimes stopping to go into an RV or into the sales office. The investigator testified he also saw Mr. Berry carrying a tool box and rolling a battery charger. The following morning, the investigator observed Mr. Berry leave his home and drive to Suncoast RV. Mr. Berry went into the office and returned to his vehicle about fifteen minutes later. Mr. Berry then drove to his home where he remained until the investigator left at 2:30 p.m.
Mr. Berry testified that he did not work at Suncoast RV, but he did on occasion advise his friend who owned the business. Before coming to work at Scotty's, Mr. Berry had worked as an RV mechanic for 20 to 25 years. Mr. Berry basically corroborated the observations of the investigator. He further explained that he was sitting most of the day, he only carried the 15-pound tool box for a minute or so, and it did not take much for him to roll the battery cart.
After reviewing the private investigator's tape that showed Mr. Berry's activities at Suncoast RV, Scotty's fired Mr. Berry on May 24, 1996. Scotty's representative testified at the hearing that Mr. Berry was fired because he was "dishonest" about his physical limitations. Specifically, the representative stated: "We felt that he could probably do more for us in the capacityin his physical capacity on the job than he was actually doing. Because there were times it made it very, very difficult for us toto fulfill his his position."
After hearing the evidence, the appeals referee issued an order determining that Scotty's had not established Mr. Berry's actions constituted misconduct. The referee found that the investigator's observations did not reveal Mr. Berry was violating his physician's restrictions while at the RV business. Accordingly, the referee concluded that Mr. Berry was eligible to receive unemployment compensation.
Upon review, the UAC reversed the referee's determination, concluding:
The referee ignored the claimant's admission that he continually violated his medical restrictions while working for the employer.... The claimant admitted that he violated his work restrictions approximately 20 to 30 times per day.... The record reflects that the claimant disregarded *577 his supervisor's instructions and proceeded to violate his restrictions during working and non-working hours. The claimant's actions amounted to insubordination and constituted misconduct connected with work.
To reverse a referee's determination, the UAC must conclude that determination is not supported by competent, substantial evidence. It does not matter if there is other evidence that would support a different result. See Florida Indus. Comm'n v. Nordin, 101 So.2d 890 (Fla. 1st DCA 1958). The UAC may reach a different conclusion of law based upon the same evidence, but it may not modify the facts to do so. See Wall v. Unemployment Appeals Comm'n, 682 So.2d 1187 (Fla. 4th DCA 1996); David Clark & Assocs. v. Kennedy, 390 So.2d 149 (Fla. 1st DCA 1980).
At the hearing, Scotty's representative maintained that Mr. Berry was discharged because Scotty's felt he had misrepresented his impairments and was working beyond the restrictions at another job. Scotty's never asserted that it discharged Mr. Berry because he was violating his doctor's restrictions or his supervisor's instructions at Scotty's. The UAC's reversal of the referee's decisionbased upon a theory not advanced by Scotty's or anticipated by Mr. Berry cannot stand. Further, that theory is not supported by the testimony of Scotty's representative, who specifically testified that the company thought Mr. Berry could do more work than he claimed, not that he was violating the job restrictions.
Because the referee's determination is supported by competent, substantial evidence, the UAC erred in reversing that decision. Accordingly, we reverse the UAC's order, and remand with directions to reinstate the referee's determination that Mr. Berry is eligible for unemployment compensation.
Reversed and remanded with directions.
DANAHY, A.C.J., and ALTENBERND and WHATLEY, JJ., concur.
NOTES
[1] Presumably, this surveillance was performed in connection with the defense of a workers' compensation claim.