719 So.2d 1208 (1998)
Frankie M. SAVAGE, Appellant,
v.
MACY'S EAST, INC., and Florida Unemployment Appeals Commission, Appellees.
No. 97-3327.
District Court of Appeal of Florida, Third District.
August 26, 1998.
Langbein & Langbein and Evan Langbein, Aventura, for appellant.
William T. Moore and John Maher, Tallahassee, for the Florida Unemployment Appeals Commission.
Michael Metz, Tallahassee, for the Florida Department of Labor and Employment Security.
Before SCHWARTZ, C.J., FLETCHER, J., and ORFINGER, MELVIN, Senior Judge.

On Motion to Enforce Mandate
SCHWARTZ, Chief Judge.
In Savage v. Macy's East, Inc., 708 So.2d 689 (Fla. 3d DCA 1998), this court reversed a determination of the Unemployment Appeals Commission that the appellant had been guilty of disqualifying misconduct[1] *1209 and directed the appellees "to grant the benefits claimed." She now seeks enforcement of the mandate through an order requiring the Florida Department of Labor and Employment Security to pay her the claimed benefits for the period she was unemployed between June 19, 1997, when she was discharged, and November 4, 1997, when she secured another position. We grant the motion.
In the face of the unambiguous terms of our mandate, the appellee Unemployment Appeals Commission and the Department, which administers the payment of unemployment benefits, contend that Ms. Savage may nevertheless not be entitled to the "benefits claimed" because she was not, in the words of the order entered by the Commission purportedly pursuant to our mandate, "otherwise eligible" to receive them. This is so because, they say, she did not comply with the supposed requirement that, even after her application was rejected, she continue to file claims for benefits under section 443.091(1)(b), Florida Statutes (1997). This contention, which comes for the first time in this proceeding, is wholly without merit.
The primary, and alone sufficient, reason for this conclusion is that the argument improperly attempts to impose a condition on the result required by our decision contrary to one of the most basic principles of appellate review, that the lower tribunal "utterly lacks the power to deviate from the terms of an appellate mandate." Mendelson v. Mendelson, 341 So.2d 811, 814 (Fla. 2d DCA 1977). See generally O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130 (Fla.1974); Berger v. Leposky, 103 So.2d 628 (Fla.1958). It is not insignificant that this case was presented to us as one which involved only the substantive issue of the existence of disqualifying misconduct and that the appellees did not, either in the answer brief, at oral argument, or in a motion for rehearing or clarification, seek to qualify their responsibility to pay benefits in the manner now asserted. See Perkins v. State Dep't of Health & Rehabilitative Servs., 538 So.2d 1316, 1317 (Fla. 3d DCA 1989)(referring to "[t]he catch-22 nature of [a] particular bureaucratic maneuver" resulting in the denial of needed benefits). Whether they did or not, however, our opinion and mandate simply did not recognize or permit any such qualification. As we said in Wilcox v. Hotelerama Associates, Ltd., 619 So.2d 444, 445-46 (Fla. 3d DCA 1993), which reversed an order unauthorizedly conditioning the grant of a new trial as ordered by this court upon the prepayment of costs:
[A] trial court's role upon the issuance of a mandate from an appellate court becomes purely ministerial, and its function is limited to obeying the appellate court's order or decree
(citations omitted).
* * * * * *
A trial court does not have discretionary power to alter or modify the mandate of an appellate court in any way, shape, or form (citations omitted).
(Virtually as an aside, moreover, we note the lack of substance in the appellees' present position both because ordering continuing claims to a tribunal which has already rejected the claimant's eligibility amounts to the prohibited requirement of performing a series of useless acts, C.U. Assocs. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla.1985); Haimovitz v. Robb, 130 Fla. 844, 178 So. 827 (1937); Hoshaw v. State, 533 So.2d 886 (Fla. 3d DCA 1988), and because the failure formally to make the claims was an entirely harmless technicality in light of the indisputable evidence of Ms. Savage's eligibility for those benefits.[2] See Griffin v. Workman, 73 *1210 So.2d 844 (Fla.1954); Lumbermens Mut. Cas. Co. v. Martin, 399 So.2d 536, 537 (Fla. 3d DCA 1981), review denied, 408 So.2d 1094 (Fla.1981).)
For these reasons, we order the Commission and the Department forthwith to pay Ms. Savage the benefits specified and to refund any benefits she may have previously repaid, with interest from the dates of our mandate and of any repayment, respectively. We also find that counsel for the appellant is entitled to attorney's fees under section 443.041(2)(b), Florida Statutes (1997) for his services in connection with the present motion. In accordance with Cheung v. Executive China Doral, Inc., 638 So.2d 82 (Fla. 3d DCA 1994), and as we did in the case of the fees for the case in chief (which the parties resolved by settlement), we appoint Miami-Dade County Judge Kevin Emas as a commissioner of this court to make findings and recommendations both as to the amount of those fees[3] and whether and, if so, what sanctions, in the form of additional fees or otherwise, should be imposed against the Commission, the Department or both under Florida Rule of Appellate Procedure 9.410.
Motion granted; cause referred to commissioner with directions.
NOTES
[1] Ms. Savage, a long-time employee of a retail store, was discharged because she mistakenly believed that a piece of clothing she purchased from stock was an item of "beachwear" for which she was entitled to a $3 employee discount, as opposed to the employer's claim that it was not "beachwear" and that she was therefore only entitled to a $1 discount. We found no need even for the citation of authority to demonstrate that this was not "misconduct" under the law.
[2] In several respects, the circumstances of this case raise serious concerns about the Commission's and the Department's conduct in the administration and adjudication of these claims. First, we are told that, in several of the many prior cases in which determinations of ineligibility have been reversed by the courts of appeal, the Department has improperly enforced its present contentions as to claimants who are typically unrepresented by counsel and are both unaware of and are not told of their rights under the law. Furthermore, and possibly even worse, the Commission, after being reversed on the misconduct issue in literally scores of cases by every district court of appeal, see Berry v. Scotty's, Inc., 711 So.2d 575 (Fla. 2d DCA 1998); Hall v. Florida Unemployment Appeals Comm'n, 700 So.2d 107 (Fla. 1st DCA 1997), and cases cited; Pion v. Miami Paper & Plastic, Inc., 698 So.2d 1379 (Fla. 3d DCA 1997); Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37 (Fla. 3d DCA 1996), and cases cited; Phanco v. Unemployment Appeals Comm'n, 639 So.2d 695 (Fla. 5th DCA 1994); Cooks v. Unemployment Appeals Comm'n, 670 So.2d 178 (Fla. 4th DCA 1996); cases collected at 15 Fla.Stat.Ann. 443.101 nn. 33-55, at 139-155, and at 24 (Supp.1998), has virtually contemnatiously continued to ignore its duty to follow the established law, even if it disagrees, by repeatedly doing so to the prejudice not only of those who bring their cases before us but, very likely, of many unrepresented claimants who have failed to perfect their appellate rights. See also Wright v. Florida Unemployment Appeals Comm'n, 512 So.2d 333, 335 (Fla. 3d DCA 1987) (Pearson, J. concurring; condemning Commission's refusal even to recognize controlling law). In our view, these patterns of behavior may well justify further inquiry by the legislature, by the executive branch of our state government or by the Secretary of Labor under 42 U.S.C. § 503(b).
[3] We cannot agree with Berry v. Scotty's, Inc., ___ So.2d ___, 1998 WL 161498 (Fla. 2d DCA Case no. 97-00355, opinion filed, April 8, 1998)[23 FLW D930] that functionaries of the Commission or the Department are appropriate, or even permissible, persons to determine this issue. To modernize the familiar: no person should sit as a judge in her own case.