730 So.2d 378 (1999)
David M. DINES, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Appellee.
Nos. 97-431, 97-3548.
District Court of Appeal of Florida, Third District.
March 31, 1999.
David M. Dines, in proper person.
John D. Maher, Tallahassee, for Unemployment Appeals Commission.
Before SCHWARTZ, C.J., and GODERICH and GREEN, JJ.
*379 SCHWARTZ, Chief Judge.
The appellant left his previous employment on July 14, 1996, and made a claim for unemployment compensation benefits on July 18, 1996. Although his application was originally denied by the claims adjudicator on August 12, 1996, he appealed and, on September 27, 1996, the appeals referee reinstated the claim and ordered an award of benefits. In the order now under review, however, the unemployment appeals commission affirmed another appeals referee decision that he was not entitled to benefits for the period between August 12, 1996 and September 27, 1996, when he was erroneously deemed in eligible. The sole basis for the ruling was that, during this period, he did not continue to file claims (as he did before and after) under section 443.091(1)(b), Florida Statutes (1997).[1] We reverse.
We now hold, as we said in dictum in Savage v. Macy's East, Inc., 719 So.2d 1208, 1209-10 (Fla. 3d DCA 1998), review denied, (Fla. Feb. 11, 1999), that the denial of benefits on this ground is entirely erroneous
[b]oth because ordering continuing claims to a tribunal which has already rejected the claimant's eligibility amounts to the prohibited requirement of performing a series of useless acts, C.U. Assocs. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla.1985); Haimovitz v. Robb, 130 Fla. 844, 178 So. 827 (1937); Hoshaw v. State, 533 So.2d 886 (Fla. 3d DCA 1988), and because the failure formally to make the claims was an entirely harmless technicality in light of the indisputable evidence of Ms. Savage's eligibility for those benefits. See Griffin v. Workman, 73 So.2d 844 (Fla.1954); Lumbermens Mut. Cas. Co. v. Martin, 399 So.2d 536, 537 (Fla. 3d DCA 1981), review denied, 408 So.2d 1094 (Fla.1981).
Savage, 719 So.2d at 1209-10.
Because
no rights are at stake, Reid v. Southern Development Co., 52 Fla. 595, 42 So. 206 (1906), and only a non-essential mode of proceeding is prescribed, Fraser v. Willey, 2 Fla. 116 (1848),
Allied Fidelity Ins. Co. v. State, 415 So.2d 109, 111 (Fla. 3d DCA 1982), it is apparent that, in this context, the statutory requirement for the filing of weekly reports must be deemed to be advisory or directory only. Allied, 415 So.2d at 111. In the admitted absence of any prejudice to the Commission or the employer, therefore, the failure to make them cannot result in the forfeiture of benefits to which the unemployed applicant is otherwise entitled by law. See Department of Bus. Regulation, Div. of Pari-Mutuel Wagering v. Hyman, 417 So.2d 671 (Fla.1982)(applying principle of administrative harmless error); Ewing v. Kaplan, 474 So.2d 302 (Fla. 3d DCA 1985), and cases cited, review denied, 486 So.2d 595 (Fla. 1986).
For those reasons, the order of the Unemployment Commission is reversed and the cause remanded with directions to afford Dines unemployment compensation benefits for August 12, 1996, through September 27, 1996.
Reversed.
NOTES
[1] The statute provides:

443.091 Benefit eligibility conditions.
(1) An unemployed individual shall be eligible to receive benefits with respect to any week only if the division finds that:
(b) She or he has registered for work at, and thereafter continued to report at, the division, which shall be responsible for notification of the Florida State Employment Service in accordance with such rules as the division may prescribe; except that the division may, by rule not inconsistent with the purposes of this law, waive or alter either or both of the requirements of this subsection as to individuals attached to regular jobs; but no such rule shall conflict with s. 443.111(1).
The rules of the Division of Unemployment Compensation prescribed under this statute provide that claims are made in person or by mail biweekly as instructed. Fla. Admin. Code. R. 38B-3.015(1). With respect to the timeliness of reports, the Division's rules state:
(3) Time Limit for Filing Continued Claims.
(a) Scheduled Reports. The Division shall accept a continued claim providing it is filed within 14 days following the scheduled report date.
(b) Late Reports. If a report is not made within 14 days following the scheduled report date, as designated by the Division, the claim shall be reopened effective the first day of the week in which the report is made.