PALMER, J.
Mark Tetzlaff appeals the final order entered by the Unemployment Appeals Commission (UAC) affirming the appeals referee’s decision to deny his claim for unemployment compensation benefits for the period of time between March 24, 2002 and August 10, 2002, based on the conclusion that Tetzlaff had failed to meet his burden of proving entitlement to such benefits. We affirm.
In January 2002, Tetzlaff was discharged from his employment and. he immediately filed a claim for unemployment compensation benefits. Upon review of Tetzlaffs claim, the claims adjuster concluded that Tetzlaff was not entitled to receive benefits because he had been dis— charged from his employment for cause. Of particular importance to the instant appeal, the denial order advised Tetzlaff of his right to appeal the decision, and the order also instructed Tetzlaff to CONTINUE REPORTING ON YOUR CLAIM UNTIL ALL PREDETERMINA-TIONS/APPEALS ARE RESOLVED.
Tetzlaff filed an appeal and the matter was scheduled for a hearing in April. However, Tetzlaff failed to attend the hearing and therefore his appeal was dismissed. Tetzlaff then appealed the dismissal order to the UAC which, upon review, remanded the matter to the appeals referee for a determination of whether Tetzlaffs failure to appear at the appeals hearing was due to good cause.
On remand, the matter proceeded to a hearing before the appeals referee. Upon review, the appeals referee rendered a decision holding that Tetzlaff had possessed good cause for failing to appear at the previously scheduled appeal hearing and that he was entitled to receive unemployment compensation benefits (thereby reversing the decision rendered by the claims adjuster).
Tetzlaff thereafter refiled his request for benefits. His request was granted for the period of time between February 2002 through March 23, 2002; however, his request for benefits for the period of time between March 24, 2002 through August 10, 2002 (the period of time during which his appeal was pending) was denied based upon the fact that Tetzlaff had failed to continue filing his weekly reports as he had been instructed.
Tetzlaff filed an appeal from this decision and the appeals referee conducted a *732 telephonic hearing on the matter. During the telephone hearing Tetzlaff testified that he was presently employed but that he had been unemployed from January 10, 2002 until August 4, 2002. He stated that after he filed his application for unemployment 'compensation benefits he used the agency’s telephone reporting system tó file his weekly reports and to update his eligibility status. Tetzlaff explained that he reported his eligibility for benefits until March 27th when he could no longer gain access to the agency’s telephone system. Although Tetzlaff testified that an agency employee had advised him that he did not need to report while his appeal was pending (thereby appearing to assert a waiver-type defense), apparently the appeals referee found the testimony not credible since the decision states1 that, with regard to such testimony, “the claimant’s contentions are respectfully not accepted.”
Upon review, Tetzlaff s request for benefits for the period of time between March 24, 2002 through August 10, 2002, was denied based upon the fact that he had not complied with the reporting requirements of sections 443.091(a) and (b) of the Florida Statutes (2001), and rules 3.013 and 3.015 of the Florida Administrative Code. Tetzlaff appealed the decision to the UAC and upon review, the UAC affirmed the appeals referee’s ruling.
Tetzlaff argues that the UAC erred in denying his claim for benefits because, pursuant to Dines v. Unemployment Appeals Comm’n, 730 So.2d 378 (Fla. 3d DCA 1999), he could not be precluded from receiving benefits simply because he failed to file reports while his appeal was pending; In Dines, the court ruled: “In the admitted absence of any prejudice to the Commission or the employer ... the failure to make [weekly reports] cannot result in the forfeiture of benefits to which the unemployed applicant is otherwise entitled by law.”
In this case, however, Tetzlaff failed to prove that, but for the filing of weekly reports, he would have otherwise been entitled to receive the benefits by law. In that regard, the record contains no evidence indicating that Tetzlaff ever submitted reports with the proper attestations for the time period during which his appeal was pending. In order to be entitled to benefits for any time period, the applicant must attest to the fact that he is able and available for work, he has not refused suitable work, he was seeking work, and, if he had worked, to report earnings from that work. See § 443.111 Fla. Stat. (2001). Since the facts in Dines are distinguishable, it is not necessary for us to reach the issue of whether Dines is properly decided under- the applicable statutory provisions.
Because Tetzlaff failed to provide us with a transcript of the hearing, we are unable to undertake an independent review thereof. However, as the appellant, Tetzlaff has the burden of proving his right to appellate relief and, absent a transcript, he has not met that burden. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
AFFIRMED.
THOMPSON and MONACO, JJ., concur.