VILLANTI, Judge.
Costarell challenges the decision of the Unemployment Appeals Commission (UAC) affirming the appeals referee’s decision that he was not entitled to benefits for a portion of the time he was unemployed. The sole basis for the UAC’s af-firmance is that Costarell failed to continue claiming unemployment benefits as required by section 443.091(a), Florida Statutes (2002), during the pendency of his appeal from the appeals referee’s determination that he was ineligible for benefits. We affirm.
In compliance with its professional obligation to disclose adverse authority to the court, the UAC directed this court to Dines v. Florida Unemployment Appeals Commission, 730 So.2d 378 (Fla. 3d DCA 1999). In Dines, the UAC denied a claimant benefits on the sole basis that he failed to file claims during the pendency of his appeal. The Third District determined that requiring the claimant to file claims during the pendency of his appeal would be tantamount to requiring the claimant to “perform! ] a series of useless acts.” Id. at 379 (quoting Savage v. Macy’s E., Inc., 719 So.2d 1208, 1209 (Fla. 3d DCA 1998)). Additionally, it determined the statutory filing requirement of section 443.091 to be “advisory or directory only.” Id. We find Dines’s reasoning unpersuasive and decline to follow it in this case. In our view, the statutory requirement to file for benefits is clear and hence the referee’s determination was legally correct. See Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla.2000) (noting that the first step a court must take in interpreting a statute is to look at its actual language and then proceed to rules of statutory construction only when the language is unclear). Moreover, the legislature’s recent amendment to sections 443.091 and 443.111 reinforces our conclusion that its original intent was to require claimants to continue to file for benefits during the pendency of any appeal. See eh.2003-36, §§ 23, 25, Laws of Fla. (“Each claimant must continue to report regardless of any appeal or pending appeal relating to her or his eligibility or disqualification for benefits.”).[1]
*45 We affirm the denial of benefits to Cos-tarell for the period of time during which he failed to file claims while his appeal was pending. In so doing, we certify conflict with Dines, 730 So.2d 378.
Affirmed; conflict certified.
CANADY and WALLACE, JJ., Concur.

. We recognize that the 2002 statute applies to Costarell. Nevertheless, we may consider this later amendment in determining the legislative intent behind the 2002 version. See Finley v. Scott, 707 So.2d 1112, 1116-17 (Fla.1998).