916 So.2d 778 (2005)
Daniel C. COSTARELL, Petitioner,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION, Respondent.
No. SC04-1429.
Supreme Court of Florida.
November 23, 2005.
*779 Harvey J. Sepler, Hollywood, FL, for Petitioner.
John D. Maher, Deputy General Counsel, Unemployment Appeals Commission, Tallahassee, FL, for Respondent.
ANSTEAD, J.
We have for review the decision in Costarell v. Unemployment Appeals Commission, 874 So.2d 43 (Fla. 2d DCA 2004), based upon certified conflict with the decision in Dines v. Florida Unemployment Appeals Commission, 730 So.2d 378 (Fla. 3d DCA 1999). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We quash the decision in Costarell and approve the decision in Dines.

Proceedings to Date
The legal issue to be resolved in this appeal can best be understood by first considering the decisions rendered by the Third District Court of Appeal in three cases: Savage v. Macy's East, Inc., 708 So.2d 689 (Fla. 3d DCA 1998) (Savage I); Savage v. Macy's East, Inc., 719 So.2d 1208 (Fla. 3d DCA 1998), review denied, 729 So.2d 391 (Fla.1999) (Savage II); and Dines v. Florida Unemployment Appeals Commission, 730 So.2d 378 (Fla. 3d DCA 1999).
In Savage I, the Third District ruled that the Florida Unemployment Appeals Commission had wrongfully determined that the claimant, Savage, was not qualified to receive compensation. 708 So.2d at 689. When the Commission failed to honor the court's mandate, the district court issued a subsequent opinion On Motion to Enforce Mandate in Savage II. 719 So.2d at 1208. In Savage II, Chief Judge Schwartz, in an opinion for a unanimous court, rejected the Commission's claim that the claimant could not receive benefits even though she won her appeal because she failed to continue to file weekly claims for benefits after she had been declared ineligible for such benefits and had filed an appeal. Id. at 1209. Chief Judge Schwartz explained that the Commission had no authority to deviate from the Third District's mandate directing that the claimant *780 receive benefits now that she had been determined to be properly eligible. Id.
In addition, in Savage II, the Third District expressly rejected the Commission's claim that the claimant, having been ruled ineligible by the Commission, was required to continue to file weekly claims even in the face of the adverse Commission ruling on her eligibility:
(Virtually as an aside, moreover, we note the lack of substance in the [Commission's] present position both because ordering continuing claims to a tribunal which has already rejected the claimant's eligibility amounts to the prohibited requirement of performing a series of useless acts, C. U. Assocs. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla.1985); Haimovitz v. Robb, 130 Fla. 844, 178 So. 827 (1937); Hoshaw v. State, 533 So.2d 886 (Fla. 3d DCA 1988), and because the failure formally to make the claims was an entirely harmless technicality in light of the indisputable evidence of Ms. Savage's eligibility for those benefits. See Griffin v. Workman, 73 So.2d 844 (Fla. 1954); Lumbermens Mut. Cas. Co. v. Martin, 399 So.2d 536, 537 (Fla. 3d DCA 1981), review denied, 408 So.2d 1094 (Fla.1981).)
Id. at 1209-10 (footnote omitted). To be sure, the Third District expressed its concerns for the Commission's disregard of the district court's prior rulings and the rulings of other courts:
In several respects, the circumstances of this case raise serious concerns about the Commission's and the Department's conduct in the administration and adjudication of these claims. First, we are told that, in several of the many prior cases in which determinations of ineligibility have been reversed by the courts of appeal, the Department has improperly enforced its present contentions as to claimants who are typically unrepresented by counsel and are both unaware of and are not told of their rights under the law. Furthermore, and possibly even worse, the Commission, after being reversed on the misconduct issue in literally scores of cases by every district court of appeal, see Berry v. Scotty's, Inc., 711 So.2d 575 (Fla. 2d DCA 1998); Hall v. Florida Unemployment Appeals Comm'n, 700 So.2d 107 (Fla. 1st DCA 1997), and cases cited; Pion v. Miami Paper & Plastic, Inc., 698 So.2d 1379 (Fla. 3d DCA 1997); Betancourt v. Sun Bank Miami, N.A., 672 So.2d 37 (Fla. 3d DCA 1996), and cases cited; Phanco v. Unemployment Appeals Comm'n, 639 So.2d 695 (Fla. 5th DCA 1994); Cooks v. Unemployment Appeals Comm'n, 670 So.2d 178 (Fla. 4th DCA 1996); cases collected at 15 Fla. Stat. Ann. 443.101 nn. 33-55, at 139-155, and at 24 (Supp. 1998), has virtually contemnatiously continued to ignore its duty to follow the established law, even if it disagrees, by repeatedly doing so to the prejudice not only of those who bring their cases before us but, very likely, of many unrepresented claimants who have failed to perfect their appellate rights. See also Wright v. Florida Unemployment Appeals Comm'n, 512 So.2d 333, 335 (Fla. 3d DCA 1987) (Pearson, J. concurring; condemning Commission's refusal even to recognize controlling law). In our view, these patterns of behavior may well justify further inquiry by the legislature, by the executive branch of our state government or by the Secretary of Labor under 42 U.S.C. § 503(b).
Id. at 1209 n. 2. Hence, the Third District left no doubt as to the meaning of its rulings in Savage I and Savage II and its emphatic rejection of the Commission's interpretation of the statutory scheme.

Dines
Subsequent to its decisions in Savage I and Savage II, the Third District again *781 was presented with the issue of whether a claimant who had been determined by the Commission to be ineligible to receive benefits must nevertheless continue to file weekly claims during the pendency of any appeal of the adverse ineligibility decision. Dines, 730 So.2d at 379.
In Dines, Chief Judge Schwartz again authored the opinion of a unanimous court rejecting the Commission's position:
We now hold, as we said in dictum in Savage v. Macy's East, Inc., 719 So.2d 1208, 1209-10 (Fla. 3d DCA 1998), review denied, 729 So.2d 391, 1999 WL 89324 (Fla. Feb. 11, 1999), that the denial of benefits on this ground is entirely erroneous
[b]oth because ordering continuing claims to a tribunal which has already rejected the claimant's eligibility amounts to the prohibited requirement of performing a series of useless acts, C.U. Assocs. v. R.B. Grove, Inc., 472 So.2d 1177 (Fla.1985); Haimovitz v. Robb, 130 Fla. 844, 178 So. 827 (1937); Hoshaw v. State, 533 So.2d 886 (Fla. 3d DCA 1988), and because the failure formally to make the claims was an entirely harmless technicality in light of the indisputable evidence of Ms. Savage's eligibility for those benefits. See Griffin v. Workman, 73 So.2d 844 (Fla.1954); Lumbermens Mut. Cas. Co. v. Martin, 399 So.2d 536, 537 (Fla. 3d DCA 1981), review denied, 408 So.2d 1094 (Fla. 1981).

Savage, 719 So.2d at 1209-10.
Because
no rights are at stake, Reid v. Southern Development Co., 52 Fla. 595, 42 So. 206 (1906), and only a non-essential mode of proceeding is prescribed, Fraser v. Willey, 2 Fla. 116 (1848),

Allied Fidelity Ins. Co. v. State, 415 So.2d 109, 111 (Fla. 3d DCA 1982), it is apparent that, in this context, the statutory requirement for the filing of weekly reports must be deemed to be advisory or directory only. Allied, 415 So.2d at 111. In the admitted absence of any prejudice to the Commission or the employer, therefore, the failure to make them cannot result in the forfeiture of benefits to which the unemployed applicant is otherwise entitled by law. See Department of Bus. Regulation, Div. of Pari-Mutuel Wagering v. Hyman, 417 So.2d 671 (Fla.1982) (applying principle of administrative harmless error); Ewing v. Kaplan, 474 So.2d 302 (Fla. 3d DCA 1985), and cases cited, review denied, 486 So.2d 595 (Fla.1986).
For those reasons, the order of the Unemployment Commission is reversed and the cause remanded with directions to afford Dines unemployment compensation benefits for August 12, 1996, through September 27, 1996.
Dines, 730 So.2d at 379. The net effect of the three decisions of the Third District was a clear and unambiguous legal mandate to the Florida Unemployment Compensation Commission and the Division of Unemployment Compensation rejecting the Commission's position as to any continuing requirement of claimants to file weekly claims after the claimants had been determined to be ineligible to receive benefits or while an appeal was pending.

Costarell
The decisions of the Third District in the Savage II case and in Dines remained the prevailing law on the issue at the time the claimant Daniel C. Costarell found himself in the same position as the claimants in those cases. Costarell, 874 So.2d at 44. That is, despite Costarell being successful in overturning on appeal a decision declaring him ineligible for benefits, as was the case with claimants Savage *782 and Dines, the Commission ignored the Third District rulings and denied Costarell benefits because he failed to file weekly claims during the pendency of his appeal. Id. It is apparent that despite having been a direct party in the Savage and Dines appeals, and obviously aware of the holdings in those cases, the Commission ignored those legal rulings, and, as it had done in those cases, denied Mr. Costarell's claim because he did not continue to file weekly claims after being declared ineligible for benefits. Id.[1] Thereafter, in a pro se appeal filed by Mr. Costarell, the Second District Court of Appeal affirmed the Commission's action. Id. at 45. When Mr. Costarell sought review in this Court, he was appointed counsel to represent him.

Rule of Law and Statutory Scheme
Without any attempt to explain its actions in ignoring the rule of law established by the Third District in Savage and Dines, the Commission now repeats the same arguments considered and rejected by the Third District in those cases. Like the Third District, we also reject those arguments. In addition, we caution the Commission and its counsel that it too is bound by the rule of law, and we express dismay that an official agency of the State of Florida and its counsel would show so little regard for the controlling holdings of an appellate court of the State of Florida.[2]
The statutory scheme relied upon by the Commission is contained in section 443.091(1)(a), Florida Statutes (2002), and, at the time Mr. Costarell sought relief, remained unchanged since the time of Savage and Dines. Indeed, that section does require claimants to file claims on a weekly basis. However, nowhere in that section is there any mention of the continuing nature of this requirement once a claimant has been determined to be ineligible for benefits. Neither does the section mention any obligation to continue these filings if the claimant should file an appeal. Like the Third District in the Savage cases and in *783 Dines, we conclude that a claimant who has been told he or she is ineligible to receive benefits would ordinarily and reasonably believe it would be a useless act to continue to file weekly claims. In other words, having been told she is ineligible, why continue to file claims that the claimant knows will be rejected? Similarly, without an express statutory directive to do so we wonder why an ineligible claimant would file continuing claims during an appeal of the adverse ruling on eligibility. We agree with the construction of these statutory requirements advanced by Mr. Costarell and as interpreted by the Third District. That is, that yes, in the normal course, an otherwise eligible claimant is required by the statutory scheme to file weekly in order to receive benefits. But that is simply not the case when claimants have been declared ineligible or have sought an appeal of that eligibility ruling.

Statutory Amendment
We also believe that the Legislature knows how to provide for the unusual situation of a claimant filing an appeal after having been declared ineligible by the same agency now seeking continued filings pending appeal. In 2003, the Legislature amended the statutory scheme, apparently at the urging of the Commission and the Commission's dissatisfaction with the Third District rulings in Savage and Dines, to expressly provide for continued filings by claimants while their appeals are pending. Ch.2003-36, § 23, at 282, Laws of Fla.; see also id. § 25, at 292 (amending § 443.111(1)(b), Fla. Stat. (2002)). However, those amendments do not affect Mr. Costarell. Nor do they change the state of the law that was controlling when Mr. Costarell filed his appeal from the Commission's ruling declaring him ineligible.

Conclusion
Because we agree with the holdings of the Third District in Savage and Dines, and disagree with the Second District's decision in Costarell, we quash the decision under review and remand for further proceedings consistent with this opinion.
It is so ordered.
PARIENTE, C.J., and WELLS, LEWIS, and QUINCE, JJ., concur.
WELLS, J., concurs specially with an opinion.
BELL, J., dissents with an opinion, in which CANTERO, J., concurs.
WELLS, J., concurring specially.
I concur with the majority's decision because I believe that the Commission was required to respect the law of the Third District's cases. It was the settled law at the time of the Commission's decision in this case. I believe that this is the important principle of this case in view of the Legislature having now amended the law.
BELL, J., dissenting.
I respectfully dissent. I would approve the decision of the Second District below and disapprove Dines v. Florida Unemployment Appeals Commission, 730 So.2d 378 (Fla. 3d DCA 1999). As the Second District observed, the statutory requirements necessary for one to receive benefits with respect to each week for which an unemployment compensation (UC) claim is made are quite clear, and these requirements serve a vital purpose in the unemployment compensation system. Without an estoppel argument by the appellant or the concession of "no prejudice" by the appellee, the majority's abrogation of these unambiguous statutory requirements during the pendency of an appeal is improper.
The primary statutory provisions at issue are sections 443.091 and 443.111, Florida Statutes (2000). Titled "Benefit Eligibility Conditions," section 443.091 provides *784 that an unemployed individual shall be eligible for benefits only if she or he (1) has made a claim for benefits with respect to such week; (2) with limited exception, has registered for work at, and thereafter continued to report at the Unemployment Appeals Commission; and (c) is able to work and available to work.
If a claimant satisfies these benefit eligibility conditions, payment of benefits is made in the manner set forth in section 443.111. This section expressly provides that payment of UC benefits is dependent upon the claimant satisfying two conditions. Every UC claimant must (1) report at least biweekly; and (2) "attest to the fact that she or he is able and available for work, has not refused suitable work, and is seeking work and, if she or he has worked, to report earnings from such work." § 443.111(1)(b).
Quite simply, for the weeks in question, Mr. Costarell failed to meet these express, unambiguous statutory conditions for the receipt of UC benefits. He never made a claim for benefits for these weeks; thus, he did not satisfy the benefit eligibility conditions of section 443.091. He also failed to report at least biweekly and to make the requisite four-part attestation; therefore, not only was he not entitled to payment, the Division of Unemployment Compensation was not statutorily authorized to make payment. Consequently, given the absence of an estoppel argument that would legally excuse his noncompliance, Mr. Costarell does not qualify for the UC benefits in question.[3] Consequently, as the Second District held, the decision of the UAC should be affirmed.
Mr. Costarell's failure to comply with these statutes was not, as the majority asserts, a "useless act." See majority op. at 9. Regular filings and reporting provide the Commission with the evidence that the claimant remained eligible for UC benefits during the entire appeals process. Indeed, under the majority's decision, a claimant could collect benefits accumulated during the entire time the appeal was pending, regardless of whether he or she was eligible to collect them at the time they accrued. Claimants who secure employment while their appeal is pending, or even those who stop looking for work altogether, would be able to recover compensation during the time their case was appealed. This contradicts the plain language and the intent of the statute.
Moreover, unlike in Dines, the appellee has not conceded the absence of prejudice in this case. In Dines, the Third District's reasoning justifying its opinion was an "admitted absence of any prejudice to the Commission or the employer." Dines, 730 So.2d at 379. There is no such admitted absence of prejudice in the case before us.
In light of the unambiguous statutory provisions discussed above, the absence of an estoppel argument by the appellant, as well as the absence of a concession by the appellee of "no prejudice," I find the majority decision unsupportable. The necessity of continuous, biweekly reporting and the filing of the four-part attestation for each such biweekly period that an individual seeks unemployment compensation benefits seem to be critical to both the integrity and efficacy of the unemployment compensation program. I find insufficient *785 reasons on the record before us to justify the judicial abrogation of these unambiguous conditions precedent to the eligibility for and payment of these benefits.
CANTERO, J., concurs.
NOTES
[1] No issue has been raised in these proceedings as to Mr. Costarell's entitlement to benefits other than his failure to continue to file claims weekly pending his initial appeal. Hence, we resolve that issue only in this review.
[2] As the Fifth District observed in Mikolsky v. Unemployment Appeals Commission, 721 So.2d 738, 740 (Fla. 5th DCA 1998) (one footnote omitted):

An agency of this state, such as the Commission, must follow the interpretations of statutes as interpreted by the courts of the state.[n.2] Like trial courts, if there is a controlling interpretation by a district court of appeal in this state, the Commission must follow it, even if the court of appeal is located outside the district of the trial court.[n.3] If there is a conflict between interpretations by different courts of appeal, that may provide a basis to reach the supreme court for a final interpretation. Thereafter, the supreme court's interpretation of the statute must prevail, barring future legislative changes to the statute.
[n.2] The fact that interpreting the law is a uniquely judicial function has been firmly established since at least 1803 when Chief Justice Marshall explained: "It is emphatically the province and duty of the judicial department to say what the law is." Marbury v. Madison, 5 U.S. (1 Cranch) 137, 177, 2 L.Ed. 60 (1803).
[n.3] Pardo v. State, 596 So.2d 665 (Fla. 1992) (in the absence of interdistrict conflict, district court decisions bind all Florida trial courts); State v. Sanchez, 642 So.2d 122 (Fla. 5th DCA 1994) (all judges within district must follow the ruling unless a contrary ruling has issued from their district court).
While we concur in the Fifth District's observations, we note that this does not restrict other parties to administrative proceedings from seeking review, restrict the Commission from seeking the certification of important issues to this Court for resolution, nor restrict the Commission from seeking legislative changes, as it apparently did in this instance.
[3] I recognize that Mr. Costarell appeared pro se before the lower appellate court, and that he made allegations that phone calls from a claims adjuster caused him to stop filing. However, there is no indication that these allegations were legally sufficient to establish equitable estoppel. Additionally, his pro se status was not relevant to the district court's opinion, and the counsel appointed to represent him in the proceedings before this Court did not raise an argument of waiver or estoppel in either of the two briefs filed.