PER CURIAM.
 

 Michael R. Presley, Chartered (Defendant) seeks certiorari review of an order of the Broward County circuit court, in its appellate capacity, which reversed a county court order denying the plaintiffs “Motion for Proceedings Supplementary to Execution and to Implead Third Parties” (emphasis added), and the order dated February 3, 2009, denying its motion for rehearing. We grant the petition in part.
 

 The record reflects that Ikon Office Solutions (Plaintiff) obtained a final judgment against Defendant in county court; later, Plaintiff moved for proceedings supplementary to execution; its motion was denied (the 2007 order); it appealed, and the circuit court reversed. However, in referring to the motion in its briefs, Plaintiff erroneously used the title of another motion (“Motion for Proceedings Supplementary to Execution and to Implead Third Parties”) (emphasis added), which was the title of a motion filed by Plaintiff which had been denied in 2006 and which was not appealed (the 2006 order).
 

 Although Plaintiff discussed the 2006 order in its initial brief, its argument clearly pertained to the 2007 order, and the circuit court’s order of reversal cited authority that relates only to the 2007 order, not to the 2006 order; however, like Plaintiffs briefs, the circuit court’s order also erroneously used the title of the other motion.
 

 After the circuit court reversed, Defendant moved for rehearing, arguing that the appellate court had reversed the wrong order, one as to which no appeal had been filed. Plaintiffs response asked the appellate court to deny the motion for rehearing, but to correct the scrivener’s error in the title of the motion. The circuit court simply denied the motion for rehearing, without correcting the scrivener’s error, and Defendant seeks certiorari relief.
 

 We disagree with Defendant’s position that the circuit court actually reversed the unappealed 2006 order. It is clear that the circuit court reviewed the correct order and merely perpetuated Plaintiffs scrivener’s error in referring to the motion in its order of reversal by the wrong title. We deny Defendant’s request that we instruct the circuit court to affirm the order on appeal (based on its argument that Plaintiffs initial and reply briefs never
 
 *334
 
 sought any relief in connection with the order that actually was on appeal). We also deny Defendant’s request to quash that portion of the order on review awarding fees to Plaintiff. Defendant has offered no reason for that relief.
 

 However, we believe Defendant’s concern that the erroneously worded circuit court order will cause the county court, on remand, to take action on the unappealed 2006 order is well-taken, as a trial court has no discretion to do other than to enforce the appellate court’s mandate.
 
 Savage v. Macy’s E.,
 
 719 So.2d 1208, 1209 (Fla. 3d DCA 1998),
 
 rev. denied sub nom. Florida Unemployment Appeals Comm’n v. Savage,
 
 729 So.2d 391 (Fla.1999),
 
 superseded by statute on other-grounds as stated in Costarell v. Florida Unemployment Appeals Comm’n,
 
 916 So.2d 778 (Fla.2005).
 

 Accordingly, we grant the petition, quash the circuit court’s order of reversal, and remand for further proceedings consistent with this opinion.
 

 POLEN, TAYLOR and CIKLIN, JJ„ concur.