SCHWARTZ, Senior Judge,
dissenting.
Without reaching the issue treated by the majority, I would reverse simply because the result is directly contrary to the terms of our decision in Martinez v. Ford Midway Mall, Inc., 59 So.3d 168, 174 (Fla. 3d DCA 2011), which reversed and remanded this ease “with directions to the UAC to award the requested benefits.” Unfortunately, and not for the first time, the board ignored this direction and came up with an argument never previously raised but now applied to result in an award of no benefits — thus unacceptably nullifying the effect of the unchallenged prior opinion, which resolved the only issue presented for its consideration entirely against the Commission.[3]
As we have specifically held in a case involving the unemployment compensation authorities, and as is universally the case, a lower tribunal has no authority to do anything but strictly adhere to an appellate mandate. In Savage v. Macy’s East, Inc., 719 So.2d 1208, 1209 (Fla. 3d DCA 1998) we said:
The primary, and alone sufficient, reason for this conclusion is that the argument improperly attempts to impose a condition on the result required by our decision contrary to one of the most basic principles of appellate review, that the lower tribunal “utterly lacks the power to deviate from the terms of an appellate mandate.” Mendelson v. *884 Mendelson, 341 So.2d 811, 814 (Fla. 2d DCA 1977). See generally O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130 (Fla.1974); Berger v. Leposky, 103 So.2d 628 (Fla.1958). It is not insignificant that this case was presented to us as one which involved only the substantive issue of the existence of disqualifying misconduct and that the appellees did not, either in the answer brief, at oral argument, or in a motion for rehearing or clarification, seek to qualify their responsibility to pay benefits in the manner now asserted. See Perkins v. State Dep’t of Health & Rehabilitative Servs., 538 So.2d 1316, 1317 (Fla. 3d DCA 1989) (referring to “[t]he catch-22 nature of [a] particular bureaucratic maneuver” resulting in the denial of needed benefits). Whether they did or not, however, our opinion and mandate simply did not recognize or permit any such qualification. As we said in Wilcox v. Hotelerama Associates, Ltd., 619 So.2d 444, 445-46 (Fla. 3d DCA 1993), which reversed an order unauthorizedly conditioning the grant of a new trial as ordered by this court upon the prepayment of costs:
[A] trial court’s role upon the issuance of a mandate from an appellate court becomes purely ministerial, and its function is limited to obeying the appellate court’s order or decree
(citations omitted). A trial court does not have discretionary power to alter or modify the mandate of an appellate court in any way, shape, or form (citations omitted).
Savage, 719 So.2d at 1209. Accord Russell v. McQueen, 115 So.3d 1084 (Fla. 5th DCA 2013).

. At the least, the loser in that case was required to call that panel's attention to the fact that its work might become an exercise of futility. See Savage 719 So.2d at 1209 ("It is not insignificant that this case was presented to us as one which involved only the substantive issue of the existence of disqualifying misconduct and that the appellees did not, either in the answer brief, at oral argument, or in a motion for rehearing or clarification, seek to qualify their responsibility to pay benefits in the manner now asserted.").