CAMPBELL, MONTEREY, (Senior) Judge.
In these consolidated appeals, Richard S. Curtis challenges the Unemployment Appeals Commission (UAC) order which reversed the decision of the appeals referee finding Curtis entitled to unemployment compensation benefits. Case No. 00-1726 concerns wage credits attributed to Agems, Inc. Case No. 00-1697 concerns wage credits attributed to Island Automated Medical Services.
We reverse and remand with directions to reinstate the referee’s findings and conclusions.
In January 1997, Curtis was rendered unable to work following an automobile accident. In February 1997, he attempted to file for unemployment compensation benefits but was advised by employees at the Division Jobs and Benefits office in St. Petersburg that he was ineligible. The Division employee would not allow Curtis to file a claim and did not provide him any paper work. He returned to the unemployment office in September 1997, and was again denied the opportunity to file for benefits. Curtis made several visits and telephone calls to various unemployment offices in Pinellas County between November 1998 and November 1999, and was repeatedly told he was not eligible for benefits. On those occasions, he requested to speak to a supervisor and was told each time that there were no supervisors in those,* offices. Finally, in November of 1999, a supervisor informed • Curtis that Division employees had wrongfully denied him the right to file a claim for benefits from 1997 through 1999. The supervisor determined that Curtis’s claim should be backdated to the date of his first visit in February 1997. The appeals referee agreed and held Curtis eligible for benefits after May 10, 1997. The Division appealed.
The UAC agreed with the findings of the referee, but determined that the lack of assistance from a claims taker did not excuse Curtis’s delay in filing his claim. We disagree. While the UAC has the right to affirm, modify, or reverse the findings and conclusions of the referee, it may do so only if there is no competent evidence to support the referee’s determi *1188 nation. See Georgia v. Florida Unemployment Appeals Comm’n, 647 So.2d 279 (Fla. 2d DCA 1994). Here, there was evidence to support the referee’s determination that Curtis’s claim should be backdated to the date he first sought unemployment benefits. It is clear from the testimony received at the hearing, that Curtis was denied his right to file a claim for unemployment compensation benefits due to the ineptitude and erroneous instructions of Division employees in Pinel-las County and despite his numerous efforts to contact a supervisor to address his complaints.
The UAC argues that Curtis is not entitled to have his claim backdated asserting that backdating of a claim is only permissible where a Division offers only itinerant service, where there is a change of the calendar quarter, or where group reporting is required. See Fla. Admin. Code 38B-3.013(4). Curtis contends that only itinerant service was provided by the St. Peters-burg and Pinellas County offices as no supervisors were assigned to or staffed those offices when he attempted to file a claim. While we are not convinced that this constitutes “itinerant” service under the rule, we nevertheless conclude that Curtis should not be denied benefits due to the wrongful actions of Division employees in denying him his right to file a timely claim.
Reversed and remanded.
THREADGILL, A.C.J. and NORTHCUTT, J., concur.