THOMPSON, J.
Denise Scholz appeals an order by the Unemployment Appeals Commission (“UAC”) affirming the denial of unemployment benefits by preventing Scholz from backdating her unemployment benefits claim. We affirm.
After an administrative hearing, the appeals referee found:
The claimant filed her initial claim for unemployment compensation benefits effective September 23, 2001. The claimant’s benefits expired on September 22, 2002. The claimant went into the “one stop” career center on September 24, 2002, and spoke with an employee. The employee did not tell the claimant she could not file her claim, and the claimant did not ask the employee if she could file her claim at that time. The claimant was told that she needed to earn three times the weekly benefit amount to qualify for receiving benefits. The claimant did not file her claim at that time because she believed she needed to earn three times the benefit amount to file her claim. The claimant filed her claim on October 19, 2002, when she earned three times her weekly benefit amount.
The referee concluded:
The record reflects that the claimant filed her claim for benefits on October 19, 2002. There is not evidence in the record to support a finding that the claimant filed a claim before October 13, 2002, or was stopped by the Agency from filing her claim. The claimant was not given misinformation from the Agency pertaining to filing her claim. Accordingly, the claimant is ineligible for backdating from September 22, 2002, through October 12, 2002.
Scholz contends that she did not file her claim in a timely manner because of conflicting information provided by agency employees, warranting a reversal of the referee’s decision. An administrative agency’s findings should not be disturbed on appeal if those findings are supported by competent, substantial evidence, Gfrorer v. Unemployment Appeals Commission, 864 So.2d 1290 (Fla. 5th DCA 2004), and we conclude that the referee’s findings are supported by competent, substantial evidence. Scholz cites Curtis v. Florida Unemployment Appeals Commission, 784 So.2d 1186 (Fla. 2d DCA 2001) and Dines v. Florida Unemployment Appeals Commission, 730 So.2d 378 (Fla. 3d DCA 1999), and argues that she should not be denied benefits due to the wrongful actions of the agency’s employees, but these cases are distinguishable. The claimants in the cited cases were excused from the agency requirements because they were told erroneously that they no *758 longer qualified for benefits. However, in the instant case, Scholz was not given inaccurate information. She was told that she needed to make three times her benefit amount to qualify, but she neglected to ask if she was still eligible to re-file her claim.
AFFIRMED.
PETERSON and MONACO, JJ., concur.